# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Cristian C.,

        Petitioner,

v.

Pamela Jo Bondi, *in her official capacity as Attorney General of the United States*; Kristi Noem, *in her official capacity as Secretary of the Department of Homeland Security*; Todd Lyons, *in his official capacity as Acting Director of United States Immigration and Customs Enforcement*; David Easterwood, *in his official capacity as Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; Eric Tollefson, *in his official capacity as Sheriff of Kandiyohi County*;

        Respondents.

File No. 26-CV-1815 (JMB/DJF)

**ORDER**

---

Craig C. Coleman, Emilie Erickson, and Jeffrey P. Justman, Faegre Drinker Biddle & Reath LLP, Minneapolis, MN, for Cristian C.

Jesus Cruz Rodriguez and David W. Fuller, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Jo Bondi, Kristi Noem, Todd Lyons, David Easterwood, and Eric Tollefson.

---

This matter is before the Court on Petitioner Cristian C.'s[1] Petition for Writ of

Habeas Corpus ("Petition") under 28 U.S.C. § 2241.  (Doc. No. 1 [hereinafter, "Pet."].)

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

Respondents Pamela Jo Bondi, Kristi Noem, Todd Lyons, David Easterwood, and Eric Tollefson (together, "Respondents") are named in the Petition.  For the reasons explained below, the Court grants the Petition.

## FINDINGS OF FACT[2]

1.    Cristian C. is a citizen of Ecuador who has lived in the United States since October 2024.  (Pet. ¶ 43.)

2.    After entering the United States, Cristian C. presented himself to border agents and was detained.  (*Id.* ¶ 45.)  On October 30, 2024, Respondents released Cristian C. on his own recognizance after finding that he was not a flight risk or a danger to the community.  (*Id.*)  While his asylum case was pending, Cristian C. attended all immigration court hearings.  (*Id.*)

3.    On December 29, 2025, Cristian C. was charged with Driving While Intoxicated, which is a gross misdemeanor.  (*Id.* ¶ 46.)  The criminal case is currently pending.  (*Id.*)

4.    Respondents detained Cristian C. on January 2, 2026, while Cristian C. was attending a regular check-in meeting for ISAP.  (*Id.* ¶ 47.)

5.    Respondents did not have a warrant for his arrest.  (*Id.* ¶ 49.)

6.    On February 19, 2026, an Immigration Judge pretermitted Cristian C.'s

---

[2] Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted.  *See, e.g.*, *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

application for asylum and issued a final removal order.  (*Id.* ¶ 48.)  Cristian C. intends to exercise his right to appeal that final order within 30 calendar days.  (*Id.*)

7. Cristian C. is currently detained at Kandiyohi County Jail in Willmar, MN.

8. On March 11, 2026, Cristian C. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (Pet.)  Cristian C. seeks immediate release.  (*See, e.g., id.* at 28.)

## DISCUSSION

Respondents oppose Cristian C.'s Petition, arguing that Cristian C. is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), and that Cristian C. was arrested subject to a warrant.  As this Court has previously concluded, however, Respondents' interpretation lacks merit.  Furthermore, Respondents do not address Cristian C.'s argument that Respondents violated his due process rights when they redetained him without following the required procedure to revoke the previous order of supervision.[3] Similarly, Respondents do not address Cristian C.'s argument that Respondents failed to comply with a statutory requirement that they obtain a warrant prior to arresting him.  For these reasons, the Court grants the Petition in part and orders immediate release.

### A.    Constitutional Guarantee of Habeas Review

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of

---

[3] Portions of Respondents' written submission can be construed as presenting an argument that Cristian C. violated the conditions of his previous order of supervision.  These arguments, however, fail to address the asserted procedural defects in Cristian C.'s redetention that are the subject of the claims in the Petition.

the United States.  28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025).  For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law."  *Hamdi*, 542 U.S. at 525 (quotation omitted).  The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted).  The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence.  *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

**B.    Interpretation of Section 1225**

Courts have overwhelmingly rejected Respondents' interpretation that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are "inadmissible" because they entered the United States without inspection.  *See, e.g.*, *Barco Mercado*, 2025 WL 3295903, at *4 & n.22 (noting that this interpretation had been rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A); *Jose Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases); *Belsai D.S. v. Bondi*, No. 25-CV-3682

(KMM/EMB), 2025 WL 2802947, at *5–6 (D. Minn. Oct. 1, 2025) (collecting cases). This Court also finds Respondents' interpretation unpersuasive.

When interpreting a statute, "every clause and word of a statute should have meaning." *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023) (internal quotation marks omitted) (quoting *Montclair v. Ramsdell,* 107 U.S. 147, 152 (1883)). Noncitizens who have been residing in the United States but who entered without inspection have not, historically, been considered to still be "arriving" under section 1225(b). This is because the statute itself states that, in order to apply, several conditions must be met; specifically, an immigration officer must determine that the noncitizen "is an applicant for admission . . . seeking admission . . . [and] not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Determining the plain meaning of the statute requires consideration of the tense of the verb "is" and the present participle "seeking." Here, section 1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention. To be seeking admission means to be seeking entry, which "by its own force implies a coming from outside." *United States ex rel. Claussen v. Day*, 279 U.S. 398, 401 (1929). In this case, Cristian C. has been residing in the United States and is, therefore, not currently "seeking admission" into the United States.

In addition, Respondents' interpretation of 1225(b)(2) renders superfluous other immigration laws. Specifically, interpreting section 1225(b)(2) as applying to noncitizens who have already entered the country and are not currently seeking admission into the country, as Respondents urge, would render meaningless a recent amendment to section

1226 by the Laken Riley Act (LRA). The LRA added new categories of noncitizens subject to mandatory detention under section 1226(c), and one such category was for noncitizens lacking valid documentation *and* who have been charged with or convicted of certain crimes. *See* 8 U.S.C. § 1226(c)(1)(E)(i)–(ii). But if Respondents' interpretation of section 1225 were correct, then there would have been no need for the LRA to create these additional categories because all noncitizens who are present in the United States and have not been admitted would have already been ineligible for bond under section 1225(b)(2)(A).

The Court also agrees with those courts that have found that Respondents' interpretation of section 1225(b) is "at odds with both the relevant legislative history and longstanding agency practice." *Belsai D.S.*, 2025 WL 2802947, at *7; *see, e.g.*, *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1150 (D. Minn. 2025) (discussing the longstanding practice of treating noncitizens who resided in the United States, but who had entered without inspection, as being subject to section 1226(a)).

The fact that Cristian C. has applied for asylum does not change the conclusion. The definition of "admission" in this context means "the lawful *entry* of the noncitizen into the United States after inspection and authorization by an immigration officer." *Barco Mercado*, 2025 WL 3295903 at *5 (quoting 8 U.S.C. § 1101(a)(13)(A) (emphasis altered)). Even by applying for asylum, a "noncitizen who already has entered the United States illegally and is living here cannot be said to be actively seeking lawful *entry* into the United States," because the "entry, whether lawful or unlawful, occurred years ago." *Id.* (emphasis in original). Other courts have reached this same conclusion under similar facts. *E.g.*,

6

*Quishpe-Guaman v. Noem*, No. 4:25-CV-00211-TWP-KMB, 2025 WL 3201072, at *4 (S.D. Ind. Nov. 17, 2025) (finding it was "strong evidence" that the federal government earlier released a noncitizen on her own recognizance under section 1226 and rejecting Respondents' argument that her asylum application shows that she "is plainly seeking admission to the United States"); *Mayamu K. v. Bondi*, File No. 25-3035 (JWB/LIB), 2025 WL 3641819, at *4, 8 (D. Minn. Oct. 20, 2025) (concluding that despite a pending asylum application, the petitioner's previous Order of Release on Recognizance under section 1226 precludes detention under section 1225).

For these reasons, the Court finds that Cristian C.'s detention is governed by section 1226(a), and he is not subject to section 1225(b)'s mandatory detention.

## C.    Independent Grounds for Relief

Moreover, the Court also grants the Petition and orders release for two additional, independent reasons: the redetention of Cristian C. violates the Due Process Clause and Respondents did not satisfy the applicable statutory requirement to obtain an arrest warrant prior to detaining Cristian C.

Initially, the Court observes that release is warranted because Respondents failed to address either of these two bases for habeas relief. *See Rodriguez-Quiroz v. Lynch*, 835 F.3d 809, 822 n.6 (8th Cir. 2016) (noting that the government waived an argument by failing to raise it in an immigration appeal); *see also Estephanny P. v. Bondi*, No. 26-CV-198 (ECT/JFD), Doc. No. 10, at *3 (D. Minn. Jan. 15, 2026) (citing *Doe v. Mayorkas*, No. 22-cv-752 (ECT/DTS), 2022 WL 4450272, at *2 (D. Minn. Sep. 23, 2022) (concluding that failure to respond is an express waiver of those arguments or claims)). In addition to

granting the requested relief because Respondents do not oppose either basis for release, the Court also addresses the merits of each unopposed basis for release in turn.

First, the Court is persuaded by the reasoning of the *Barco Mercado* court on the issue of whether the redetention of a person previously ordered released under section 1226—without Respondents first formally revoking that order of release or following any procedures prior to making a decision that conflicts with an order of release—violates due process. *See Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *11 n.88 (S.D.N.Y. Nov. 26, 2025) (citing 8 C.F.R. § 236.1(c)(8)-(9)). Here, it is undisputed that Cristian C. was ordered released on his own recognizance in October 2024 pursuant to section 1226 and had been residing in the United States pursuant to that decision until his January 2, 2026 arrest. (*See* Doc. No. 6-1 at 5.) The record also shows that no official made any individualized, discretionary decision to revoke Cristian C.'s section 1226 release prior to his arrest. As in the *Barco Mercado* case, the Court grants the Petition in part because the redetention of Cristian C. violated his due process rights. *See id.* at *12.

Second, Respondents did not obtain the required warrant to arrest Cristian C. prior to his arrest. (*See* Pet. ¶¶ 4, 9, 49.) Because section 1226(a) applies, an administrative arrest warrant was a prerequisite to Cristian C.'s detention. *See Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, No. 26-CV-5 (PJS/LIB), Doc. No. 8 at 3–4 (D. Minn. Jan. 1, 2026). *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, [a noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from

8

the United States." (emphasis added)).  Although Respondents attach an administrative

arrest warrant dated January 2, 2026, Respondents provide no additional information or

any affidavit explaining the attached document's authenticity or, crucially, when it was

signed.  In fact, the warrant itself certifies that the warrant was served at 5:00 p.m., but

Cristian C. was detained hours earlier, at 9:30 a.m. (Doc. No. 6-1 at 15, 17.)  Absent any

factual information that the arrest warrant was signed prior to Cristian C.'s arrest—and not

after the fact—the Court cannot conclude that his arrest complied with the requirements of

section 1226(a).  Likewise, Respondents do not provide any underlying affidavit or

application for the administrative warrant.  Absent such information, the Court cannot

conclude that the administrative warrant was valid.

Consequently, on each of these two independent bases, the Court grants the Petition

and orders Cristian C.'s immediate release.[4]

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED as follows:

1.  Respondents are ORDERED to release Petitioner Cristian C. from custody
    immediately in Minnesota without conditions, and in any event on or before
    4:00 p.m. CT on March 19, 2026.

2.  On or before 11:00 a.m. CT on March 20, 2026, counsel for Respondents
    shall file a letter affirming that Petitioner was released from custody in
    Minnesota without conditions in accordance with this Order.  Counsel shall
    also file a declaration on or before 11:00 a.m. CT on March 20, 2026,
    pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that
    states when and where the Petitioner was released, attaches any and all

---

[4] Given its decision to grant the Petition, the Court need not address the remaining counts
in the Petition.

documentation concerning the Petitioner's release, and affirms that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation).

3.    Petitioner may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

4.    To the extent Petitioner seeks relief beyond an order requiring release or an order requiring a bond hearing, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 18, 2026                           /s/ *Jeffrey M. Bryan*
                                                Judge Jeffrey M. Bryan
                                                United States District Court

10